IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TEMOURISE TAYLOR, | § | |
| | § | No. 68, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1612012475 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 30, 2018
Decided: September 21, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    In January 2017, the appellant, Temourise Taylor, was indicted on charges of Attempted Murder First Degree, Rape First Degree, Attempted Rape First Degree, Kidnapping First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Strangulation, Reckless Endangering First Degree, Possession of a Deadly Weapon by a Person Prohibited, Assault Third Degree, and Terroristic Threatening.  On November 2, 2017, Taylor pleaded guilty to Attempted Murder First Degree and no contest to Rape Second Degree (as a lesser-included

offense of Rape First Degree), Strangulation, Unlawful Imprisonment First Degree (as a lesser-included offense of Kidnapping First Degree), and Terroristic Threatening. In exchange for Taylor's plea, the State dismissed the other thirteen charges in the indictment.

(2) On January 12, 2018, following a presentence investigation, the Superior Court sentenced Taylor as follows: Attempted Murder First Degree—sixty years of Level V incarceration; Rape Second Degree—twenty-five years of Level V incarceration to be served under 11 *Del. C.* § 4204(k), which permits no reduction of sentence through good time or other mechanisms; Strangulation—five years of Level V incarceration to be served under § 4204(k); Unlawful Imprisonment First Degree—two years of Level V incarceration suspended for two years of Level IV Home Confinement; and Terroristic Threatening—one year of Level V incarceration suspended for one year of probation. This is Taylor's direct appeal.

(3) On appeal, Taylor's trial counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Taylor's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. In her statement filed under Rule 26(c)(ii), Counsel indicates that she informed Taylor of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Taylor of his right to submit points he wanted this Court to consider on appeal.

Taylor has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), we must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] Also, we must conduct our own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(5) We have reviewed the record carefully and concluded that Taylor's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Taylor could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson v. Ohio*, 488 U.S. at 81.